

**ENTERED**
**12/31/2012**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| ROGELIO T. LOPEZ, | ) CASE NO. 10-30844-H3-13 |
| Debtor, | ) |

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Notice of Post-petition Mortgage Fees, Expenses and Charges" (Docket No. 53) filed by The Bank of New York Mellon, as Trustee, for CIT Mortgage Loan Trust 2007-1 by Vericrest Financial, Inc. as attorney-in-fact ("BONY"), and the "Objection to Bank of New York Mellon's Notice of Fees, Expenses, and Charges" (Docket No. 57) filed by Debtor.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Rogelio T. Lopez ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 10, 2010. Debtor's first amended Chapter 13 plan (Docket No. 31) was confirmed, by order entered on April 29, 2010 (Docket No. 39).

On March 1, 2010, BONY filed a proof of claim, in the amount of $70,172.03, stating an arrearage of $4,081.27, secured by Debtor's homestead.

On May 29, 2012, BONY filed the instant "Notice of Postpetition Mortgage Fees, Expenses, and Charges." The instant notice states a total of $4,145.19 in attorney fees, proof of claim fees, appraisal/broker price opinion fees, property inspection fees, insurance, interest on fees, "miscellaneous," and "publication cost." (Docket No. 53).

In the instant objection, Debtor raises several substantive and procedural objections to the fees contained in the instant notice. Debtor asserts that the fees cannot be allowed without an application under Bankruptcy Rule 2016, that no fees are allowable for a time period more than 180 days before the instant notice, that the fees are not provided for under BONY's deed of trust, that the fees are not necessary to cure a default, that BONY must file an amended proof of claim, and that the fees are not justified. Debtor also seeks an award of attorney fees under Bankruptcy Rule 3002.1(i)(2).

An attorney who appeared for Debtor at the hearing on the instant notice and the instant objection, Eric Southward, testified that he spent 3.5 hours reviewing the notice, the deed of trust and promissory note, doing legal research, drafting the

objection, and appearing at the hearing.  He testified that he bills his time at $250 per hour.

BONY did not respond to the instant objection, and did not appear at the hearing.

## Conclusions of Law

Bankruptcy Rule 3002.1 provides in pertinent part:

(a) In general. This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.

\* \* \*

(c) Notice of fees, expenses, and charges.  The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.  The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

(d) Form and content. A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to Rule 3001(f).

\* \* \*

(i) Failure to notify. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

> (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in

> the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

(Rule 3002.1, Fed. R. Bankr. P.)

> Bankruptcy Rule 3001(f) provides:
>
> A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

(Rule 3001(f), Fed. R. Bankr. P.)

In the instant case, pursuant to Bankruptcy Rules 3002.1(d) and 3001(f), the Notice of Post-petition Mortgage Fees, Expenses and Charges does not enjoy a presumption of validity. The claimant failed to respond, or to appear in support of its Notice of Post-petition Mortgage Fees, Expenses and Charges. The court concludes that the fees sought are not allowed.

On the question of attorney fees, Bankruptcy Rule 3002.1 was adopted to take effect on December 1, 2011.

In the instant case, the proof of claim filed by BONY predated the requirement to use the Official Form designated for attachment to a proof of claim regarding postpetition fees, expenses, and charges.[1]  The Notice of Post-petition Mortgage Fees, Expenses and Charges filed by BONY conforms to Official Form B10S2.  In the instant case, Debtor raises substantive and

---

[1] Official Form B10S2.

4

procedural arguments against the fees, but those arguments do not address a failure to provide information under Bankruptcy Rule 3002.1. The court concludes that there should be no sanctions award under Bankruptcy Rule 3002.1.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on December 31, 2012.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE